UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Outsource*One*, Inc.,<br>a Minnesota corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Automated Environments, Inc.<br>n/k/a HRaspx, Inc., a California corporation,<br><br>Defendant. | Civil No.: 01-2177 (RHK/JMM)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys, for the parties hereto:

The parties possess information that they claim to be confidential due to its commercially sensitive or proprietary nature or for other reasons. In order to balance the interests to maintain confidentiality of such information with the parties' rights to obtain relevant information through discovery in accord with the Federal Rules of Civil Procedure, the parties enter into the following Stipulation.

1. **Definition of "Confidential" Materials.** The term "Confidential" as used herein means documents, including but not limited to, business records, answers to interrogatories, and deposition testimony that any party designates Confidential. Either party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is not readily ascertainable, through proper means, by the public and may include, but is not limited to, sensitive commercial or financial information and other business and personal records not within the public domain. A Confidential designation shall be limited to only those documents or testimony which are truly confidential, pursuant to Fed. R. Civ. P. 26(c). All

JUN 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

2. **Limited Use.** Documents and deposition testimony designated Confidential pursuant to this Stipulation and Order shall be used only for purposes related to this action. The parties agree that any Confidential documents or deposition testimony exchanged during discovery shall not be used for any commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accord with the terms of this Stipulation and Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential is prohibited. This Stipulation and Order shall not operate, however, to impose additional obligations upon the party producing information with respect to its treatment of its own information.

3. **Disclosure Scope/Confidential Material.** Documents and deposition testimony designated Confidential shall be disclosed only to:

a) the partners, associate attorneys, and staff for the law firms representing the parties in this matter; the General Counsel and staff representing the parties in this matter; or future designated attorneys (hereinafter the "Attorneys");

b) employees of parties to this action having reasonable need of access to Confidential information to assist the Attorneys to represent the parties (hereinafter the "Employees"), provided that such Employees have first read this Stipulation and Order and agreed to abide by its terms by signing an undertaking in the form attached hereto as **Exhibit A**;

c) independent experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including the experts' or consultants' secretarial or clerical

personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants have first read this Confidentiality Stipulation and Order and agreed to abide by its terms by signing an undertaking in the form attached hereto as **Exhibit A**;

d) the Court, court personnel, special masters, mediators, other persons appointed by the Court, and stenographic and other deposition reporters (hereinafter collectively, "the Court"); and

e) commercial copying services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. **Notice/Marking.** To invoke protection under this Stipulation and Order, the Designating Party shall provide appropriate notice that documents or deposition testimony have been designated Confidential. The Designating Party shall only mark those documents or testimony which are truly confidential, made in good faith and for good cause, as required in Fed. R. Civ. P. 26. Documents and deposition testimony designated Confidential shall be conspicuously marked as such.

It shall be the duty of the party seeking confidentiality to provide such notice of the documents and testimony to be considered Confidential. No document or deposition testimony shall be deemed protected under this Stipulation and Order unless properly marked. It shall be the duty of the parties to comply with this Stipulation and Order from the time of such notice.

5. **Additional Relief.** Nothing herein shall prevent any party or non-party from seeking additional relief from the Court.

6. **Amendment/Modification.** This Stipulation and Order may be amended with respect to specific documents or deposition testimony without leave of Court by agreement of the parties' counsel in the form of a stipulation that shall be filed in this case. This Stipulation and

Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties hereto or by Court Order.

7. **Documents Produced for Inspection.** All documents shall be presumed to be Confidential at the time of inspection. After this inspection, but within a reasonable time after the parties have requested copies of certain documents, the party seeking confidentiality shall appropriately designate any Confidential documents and produce requested copies.

8. **Depositions.** All testimony taken by way of deposition in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Confidentiality Stipulation and Order. Testimony given at any deposition may be designated Confidential by indicating on the record that the testimony is Confidential and subject to the provisions of this Confidentiality Stipulation and Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential and sent to the opposing party within thirty (30) days after receiving the transcript.

9. **Burden of Proof.** In the event a party contests the Confidential designation of any document or deposition testimony, the parties agree to consider removing or relaxing the designations. In the event the parties cannot agree, the party seeking confidentiality shall have the burden of proof in any hearing or other proceeding before the Court that any designation is necessary and appropriate.

10. **Filing with Court.** Written material containing documents or deposition testimony designated Confidential or copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with the Clerk of Court shall be filed in sealed envelopes or other appropriate sealed containers on which

shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY STIPULATION AND ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information contained or derived from Confidential documents or deposition testimony shall be marked.

11. **Final Determination.** Upon final determination of this action (including all appeals), each party shall within thirty (30) days of such determination, either return to the opposing party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts received from the opposing party and marked Confidential that are in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, which may be retained in conformity with this Confidentiality Stipulation and Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby, and respectfully request that the Court execute and file the proposed order attached to this Stipulation.

DATED: ~~May~~ June 3, 2002.

**FABYANSKE, WESTRA & HART, P.A.**

By: ______________________

Dean B. Thomson (#141045)
Aaron A. Dean (#0243954)
920 Second Avenue South
Suite 1100
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR DEFENDANT HRASPX, INC.**

DATED: May 30, 2002

**OUTSOURCE*ONE*, INC.**

By: ______________________

Robert D. Mehus (#199163)
General Counsel
Outsource*One*, Inc.
730 Second Avenue South, Suite 530
Minneapolis, Minnesota 55402

**ORDER**

Pursuant to the Stipulation of the parties, IT IS SO ORDERED.

Dated this 4 day of June, 2002.

______________________
Hon. John M. Mason
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Outsource*One*, Inc.,<br>a Minnesota corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Automated Environments, Inc.<br>n/k/a HRaspx, Inc., a California corporation,<br><br>Defendant. | ) | Civil No.: 01-2177 (RHK/JMM)<br><br><br><br>**AFFIDAVIT** |

STATE OF ___________ )
) ss.
COUNTY OF ___________ )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiant's full name and current address is: ______________________________

______________________________________________________________________________.

2. Before receiving any documents and information designated by __________________ ______________________________ as confidential in the above-captioned case, I was provided with a copy of this Confidentiality Stipulation and Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Confidentiality Stipulation and Order, and to submit to the jurisdiction of the United States District Court, District of Minnesota, concerning the Order's enforcement.

4. I understand and agree not to discuss, disclose, or otherwise reveal the information subject to the Confidentiality Stipulation and Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials protected herein.

5. I received confidential information in my capacity as ________________________.

6. I received access to confidential information from:______________________.

Dated:________________________

______________________________
Signature of Affiant
Name: ______________________
Employer: ___________________

Subscribed and sworn to before me
this _____ day of ______________, 2002.

____________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

## *Featured Speakers Include:*

<u>District of Minnesota</u>

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

<u>United States Bankruptcy Court</u>
<u>District of Minnesota</u>

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** *Judge Ann D. Montgomery* |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | **Current Issues in Employment Law,** *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; **Response by the Department of Justice --** *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## Seminar Registration

☐ Member $195.00
☐ Non-Member $225.00

Name ____________________
Firm/Employer ____________________
Address ____________________
____________________
Phone ____________________
E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building